UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JENNIFER NICOLE ZOGHBI,
MICHELLE ZOGHBI, AND
H.C. ZOGHBI

VERSUS

GLOBAL INDUSTRIES, INC.
OF N.J., ET AL.

CIVIL ACTION

NO. 13-409-SDD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2016.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JENNIFER NICOLE ZOGHBI,
MICHELLE ZOGHBI, AND
H.C. ZOGHBI

VERSUS

GLOBAL INDUSTRIES, INC.
OF N.J., ET AL.

CIVIL ACTION

NO. 13-409-SDD-EWD

## REPORT AND RECOMMENDATION

Before the Court is a Joint Motion to Remand[1] filed by Plaintiffs, Jennifer Nicole Zoghbi, Michelle Zoghbi, and H.C. Zoghbi ("Plaintiffs") and the sole remaining defendant in this matter, the State of Louisiana, through the Department of Public Safety and Corrections. (the "State"). For the reasons set forth herein, this Court recommends[2] that the Joint Motion to Remand[3] be **GRANTED**.

### I.      Procedural History

Plaintiffs originally brought suit in Louisiana state court against Global Industries, Inc. of N.J., Global Industries, Inc. and/or Global Furniture, Inc. ("Global"), the City of Baton Rouge/Parish of East Baton Rouge, The Baton Rouge City Police Department, Dwayne White in his official capacity as chief of police of the Baton Rouge City Police Department (collectively, the "City Defendants"), and certain unknown insurers.[4]

---

[1] R. Doc. 70.

[2] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[3] R. Doc. 70.

[4] R. Doc. 1-2.

Plaintiffs allege that on or about February 23, 2012, Jennifer Nicole Zoghbi was injured when a large filing cabinet tipped over on her while working as an employee of the City of Baton Rouge/Parish of East Baton Rouge in the traffic records file room of the Baton Rouge City Police Department.[5] Plaintiffs asserted products liability claims against Global based on the alleged improper design or manufacturer of the cabinet as well as, *inter alia*, negligence claims against the City Defendants.[6] On June 24, 2013, Global removed the suit to this Court based on the alleged improper joinder of the City Defendants.[7] On April 7, 2015, this Court granted a motion for summary judgment and dismissed Plaintiffs' claims against the City Defendants.[8] On August 3, 2015, Plaintiffs filed an Amended and Supplemental Complaint naming the State as a defendant.[9] On April 29, 2016, Plaintiffs filed a Partial Motion to Dismiss Global based on settlement.[10] Global was dismissed with prejudice on May 5, 2016.[11]

Following dismissal of Global, Plaintiffs and the State filed the instant Joint Motion to Remand.[12] Therein, the parties correctly note that the State is the only defendant remaining in this action.[13] The parties further contend that the State's presence creates "jurisdictional issues to this Court based on the Eleventh Amendment to the United States Constitution. Therefore, plaintiffs and defendant agree that this matter should now be remanded…."[14]

---

[5] R. Doc. 1-2, ¶¶ 2 & 3.
[6] R. Doc. 1-2, ¶¶ 4-6.
[7] R. Doc. 1.
[8] R. Doc. 49.
[9] R. Doc. 55.
[10] R. Doc. 68.
[11] R. Doc. 69.
[12] R. Doc. 70.
[13] R. Doc. 70, ¶ 6.
[14] R. Doc. 70, ¶ 6.

## II.     Law and Analysis

"The Eleventh Amendment bars citizens' suits in federal court against States and their alter egos." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999). *See also*, *Lillie v. Stanford Trust Co.*, 2013 WL 5524865, at *2 (M.D. La. Oct. 3, 2013) ("The Eleventh Amendment of the United States Constitution provides, in pertinent part, that 'the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State....' The Supreme Court has interpreted the immunity from suits provided by the Eleventh Amendment to extend to suits brought by a citizen against his or her own state." (citing *Hans v. Louisiana*, 134 U.S. 1 (1890); *Alden v. Maine*, 527 U.S. 706, 728–29 (1999)). Although this immunity is not absolute, and may be abrogated by Congress or waived by the state, "[b]y statute, Louisiana has rejected waiver of its sovereign immunity." *Lillie v. Stanford Trust Co.*, 2013 WL 5524865, at *2 (M.D. La. Oct. 3, 2013) (citing *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); La. R.S. § 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.").

"To share in a State's Eleventh Amendment immunity, an entity must be an 'arm of the state' as opposed to 'a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend....'" *Lillie v. Stanford Trust Co.*, 2013 WL 5524865, at *3 (M.D. La. Oct. 3, 2013)   (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). "[T]he Fifth Circuit has squarely held that the Louisiana Department of Public Safety and Corrections is an arm of the State that is entitled to Eleventh Amendment immunity." *Beyard v. Caddo Parish Com'n*, 2007 WL 1741970, at * 2 (W.D. La. April 27, 2007) (citing *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999)).  Because the Louisiana

Department of Public Safety and Corrections is an arm of the state entitled to Eleventh Amendment immunity, and because the only claims remaining in this suit are against the State, Plaintiffs' and the State's Joint Motion to Remand is well founded and should be granted.  *See*, *Wisconsin Dept. v. Corrections v. Schacht*, 524 U.S. 381, 392 (1998) ("A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim.").

### III.     Recommendation

For the reasons set forth herein, it is the recommendation of this Court that the Joint Motion to Remand[15] be **GRANTED**.

Signed in Baton Rouge, Louisiana, on June 30, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 70.